UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

HEATH MORRIS and JUDY MORRIS,
    Plaintiffs,

v.

THE LILITH FUND FOR
REPRODUCTIVE EQUITY, et al.,
    Defendants.

No. 5:20-CV-194-H

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

"Federal courts are courts of limited jurisdiction," and "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (Thomas, J.) (internal quotation marks and citations omitted). Invoking these principles, plaintiffs Heath and Judy Morris move to remand their state-law declaratory judgment action back to state court. In response, the defendants assert that federal jurisdiction is present because the plaintiffs' "entire case relies on a specific, and controversial, conception of federal judicial review." Dkt. No. 13 at 7. Finding that the plaintiffs' state-court petition does not necessarily raise a stated federal issue and that federal subject-matter jurisdiction is therefore absent, the Court grants the plaintiffs' motion and remands the case to state court. Additionally, the defendants' pending Motion to Dismiss (Dkt. No. 10) is denied because the Court does not have jurisdiction or authority to resolve it. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c)[] . . . on their face, give . . . no discretion to dismiss rather than remand an action.") (internal citations omitted).

1.  **Factual and Procedural Background**

Per their state-court petition, the plaintiffs are residents of Hockley County, Texas. *See* Dkt. No. 1-3 at 2. They filed suit against the defendants—The Lilith Fund for Reproductive Equity, Texas Equal Access Fund, and The Afiya Center—in the 286th Judicial District Court of Hockley County, Texas. *Id.* at 2–3. The Morris's seek a declaratory judgment under the Uniform Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.003(a), that the State of Texas has never repealed its pre-*Roe v. Wade* statutes that criminalize abortion. *Id.* at 6. They also seek a declaratory judgment that it is truthful and non-defamatory to describe actions that aid and abet abortions as criminal under Texas law. *See id.* The Morris's "bring their claim exclusively under state law and expressly disclaim any federal cause of action or any reliance on federal law that would trigger subject-matter jurisdiction under 28 U.S.C. § 1331." *Id.*

The defendants filed a Notice of Removal in this Court. Dkt. No. 1. They contend that the Court has subject-matter jurisdiction over this case because the plaintiffs' state-court petition "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also* Dkt. No. 1 at 2. The defendants have also moved to dismiss under Rules 12(b)(1) and 12(b)(6), claiming a lack of ripeness. Dkt. No. 10.

The Morris's then moved to remand to state court, arguing that their state-court petition does not give rise to federal-question jurisdiction. *See* Dkt. No. 9-1. Arguing that the defendants had no objectively reasonable ground to believe the removal was legally

proper, The Morris's also seek costs and attorneys' fees under 28 U.S.C. § 1447(c). *Id.* at 17–19.

## 2. Legal Standards

### A. Removal Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision for federal-question jurisdiction is invoked by pleading a cause of action created by federal law or by pleading state-law claims that turn on substantial questions of federal law. *Grable*, 545 U.S. at 312.

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[D]oubts regarding whether removal was proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). As the master of his or her claim, the plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).

### B. Requests for Fees Under 28 U.S.C. § 1447(c)

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." But a court generally awards attorneys' fees under Section 1447(c) only where

"the removing party lacks an objectively reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012) (quoting *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)). A defendant's subjective good faith in initiating a removal is not sufficient to preclude the district court from awarding fees. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

3. Analysis

    A. **The Court lacks federal-question jurisdiction.**

        i. **The hypothetical defamation suit does not arise under federal law.**

Precedent makes clear that a declaratory judgment claim cannot confer jurisdiction. It must stand or fall—jurisdictionally—on its own. In *Budget Prepay, Inc. v. AT&T Corp.*, for example, the Fifth Circuit explained that a "declaratory judgment claim is not jurisdiction-conferring; there must be an independent basis for federal jurisdiction." 605 F.3d 273, 278 (5th Cir. 2010). The rule stems from *Skelly Oil Co. v. Phillips Petroleum Co.*, which provided that "the operation of the Declaratory Judgment Act is procedural only" and explained that "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." 339 U.S. 667, 671 (1950) (internal citation omitted). Thus, "[t]he plaintiff's claim itself must present a federal question 'unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Id.* at 672.

These rules—and the result—are the same when the complaint is for a state declaratory judgment. In *Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California*, the Supreme Court explained that "federal courts do not have original jurisdiction, nor do they acquire jurisdiction on removal, when a federal

question is presented by a complaint for a state declaratory judgment, but *Skelly Oil* would bar jurisdiction if the plaintiff had sought a federal declaratory judgment." 463 U.S. 1, 19 (1983). "Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* at 27–28.

Given these limitations, federal courts considering declaratory judgment actions "must determine if there would be grounds for federal jurisdiction over a hypothetical suit that would have been brought absent the availability of declaratory relief." *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 938 (5th Cir. 2012). The hypothetical suit itself must suffice; anticipated defense or arguments in avoidance of defenses are insufficient: "If the only ground for federal jurisdiction over such a suit is that the determination of the suit depends upon some question of a federal nature, the plaintiff's claim itself must present a federal question unaided by anything alleged in anticipation of avoidance of defenses." *Id.* (internal quotation marks and alteration omitted). And "*Skelly Oil* has come to stand for the proposition that if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Bd.*, 463 U.S. at 16.

Here, federal jurisdiction is lacking because the hypothetical suit arises under state law, and any federal claim arises only as a defense to the state suit. To succeed on a defamation claim under Texas law, the defendants would need to prove that (1) plaintiffs falsely stated they were "criminals" for violating state abortion laws; (2) the statements were defamatory; (3) made with the requisite scienter; and (4) damages resulted. *See In re Lipsky*,

5

460 S.W.3d 579, 592 (Tex. 2015) (listing the elements of a defamation claim under Texas law). This claim does not arise under federal law, and none of these elements require a court to resolve a question of federal law. To the contrary, it is a state-law defamation claim concerning the status and application of Texas criminal law. Accordingly, *Franchise Tax Board*'s application of *Skelly Oil* precludes the existence of federal subject-matter jurisdiction.

Fifth Circuit precedent supports this conclusion and undermines the defendants' insistence that because the effect of *Roe v. Wade* is at issue, this is a federal-question case. In *Cox v. International Union of Operating Engineers, AFL-CIO*, for example, the court dismissed a slander lawsuit brought against a union and ordered that it be remanded to state court. 672 F.2d 421, 423 (5th Cir. 1982). The panel explained that "[t]his is a simple defamation suit. . . . The fact that the alleged defamation arose out of union affairs or that, in the course of trial or defense, issues of union members' rights may arise does not convert it into a 'federal question' case."

District courts have reached similar conclusions. Most recently, two district courts remanded nearly identical disputes to state court for lack of jurisdiction. *See* Order Remanding Case to State Court, *Enge v. The Lilith Fund for Reproductive Equity*, No. 6:20-CV-447 (E.D. Tex. Sept. 16, 2020) (Kernodle, J.); Order Remanding Case, *Zach & Ashley Maxwell v. Defendants for Reproductive Equity*, No. 4:20-CV-928 (N.D. Tex. Sept. 2, 2020) (O'Connor, J.). Similarly, in *Thompson v. Safety National Casualty Co.*, the court dismissed a defamation claim stemming from an employment dispute for lack of subject-matter jurisdiction. 2020 WL 2476987, at *2 (N.D. Tex. Apr. 16, 2020), report and recommendation adopted, 2020 WL 2476042 (N.D. Tex. May 13, 2020). The court concluded that claims for defamation arise under state law and explained that "[f]ederal

6

courts have no jurisdiction over state law claims in the absence of diversity jurisdiction." *Id.*; *see also Beavers v. City of Jackson*, 439 F. Supp. 3d 824, 830–32 (S.D. Miss. 2020) (granting the plaintiffs' motion to remand their case, which challenged a city's ordinance restricting how close a person may come to others while distributing information relating to abortion alternatives, even though the suit implicated First Amendment rights).

This Court reaches the same conclusion here. Although the defendants will rely on *Roe v. Wade* in defending against the state-declaratory action, the hypothetical state-defamation suit arises under state law. Thus, under *Skelly Oil*, *Franchise Tax Board*, and *Volvo Trucks*, jurisdiction is lacking.

### ii. The defamation suit does not necessarily raise a federal question, let alone a substantial federal question.

Even when state law creates the cause of action at issue, the case "might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd.*, 463 U.S. at 13. The Supreme Court has established a four-part test for determining whether federal-question jurisdiction over state-law claims exists in a particular case. Federal-question jurisdiction is present where state-court claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. But few cases will fall within the "special and small category" that *Grable* outlines. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citation omitted). Having reviewed the applicable law and the plaintiffs' state-court

7

petition, the Court finds that it lacks subject-matter jurisdiction because the petition does not necessarily raise a stated and substantial federal issue.

A federal court can exercise jurisdiction only where the case satisfies the well-pleaded-complaint rule. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 942 (5th Cir. 2013). That is, "the court must look only to what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)) (internal citations omitted). And "there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Moreover, a state-law claim does not turn on a substantial question of federal law if the question of federal law is not an essential element of the claim. *Grable*, 545 U.S. at 315. In fact, a question of federal law is not an essential element of the claim where a state court references a federal standard in determining whether there has been a state-law violation. *Am. Airlines*, 694 F.3d at 543 ( "[N]o reasonable argument can be made that the mere fact that a federal standard is to be referenced by a state court in determining whether there has been a state-law violation causes a state-law claim to necessarily raise a stated federal issue.") (internal quotation marks and alterations omitted).

Here, it is clear that no federal cause of action appears on the face of the plaintiffs' state-court petition. The petition seeks a declaratory judgment under Texas law about the status of Texas criminal statutes and the effect of those criminal statutes on Texas defamation law. The claims raise issues of repeal of Texas statutes, severability of Texas statutes, and truthfulness as a defense to defamation. Dkt. No. 1-3. Whether a state has

repealed its own prior legislation is a question of state law. *See Ex parte Melendez*, 98 F.2d 791, 792 (9th Cir. 1938) ("The question of whether the statute of 1928 was repealed by subsequent state legislation is primarily a question of state law . . . ."). Similarly, the severability of a state statute is a state-law issue. *Exxon Corp. v. Hunt*, 475 U.S. 355, 376 (1986) ("We leave to the New Jersey Supreme Court the state-law question whether, or to what extent, the nonpre-empted provisions of the statute are severable from the pre-empted provisions."). Additionally, defamation in general—and, more specifically, whether a statement is deemed true or false under defamation law—is a state-law issue. *See Stafford v. True Temper Sports*, 123 F.3d 291, 296 (5th Cir. 1997) (referring to defamation as a state-law claim); *Joseph v. Solutia, Inc.*, 193 F. Supp. 2d 989, 994 (S.D. Tex. 2002) (recognizing the Texas Supreme Court's authority to carve out an exception to the defense of literal truth). Finally, even if a party alleged that federal jurisdiction over their claim existed because of an anticipated federal defense, the Court would not be permitted to consider such a defense in determining whether it had subject-matter jurisdiction. *Venable*, 740 F.3d at 942; *Bernhard*, 523 F.3d at 551.

In an attempt to avoid this conclusion, the defendants improperly apply *Grable* in asserting that the state-court petition necessarily raises a federal question by "inevitably implicat[ing] and requir[ing] the construction and application of [disputed] federal law." *See* Dkt. No. 13 at 6–9. But under *Grable*, a question of federal law is not necessarily raised unless the question is an essential element of the claim, *Grable*, 545 U.S. at 312, and no federal question is essential to determining a statement's truth or falsity under Texas defamation law. *See Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 640 (Tex. 2018), reh'g denied (Sept. 28, 2018), cert. denied, 139 S. Ct. 1216 (2019) ("Implicit defamatory

meanings—like explicit defamatory statements—are not actionable if they are either true or substantially true.").

Additionally, a federal-law issue is not necessarily raised by the fact that a court may have to interpret *Roe v. Wade* when considering whether a statement is true. In *American Airlines*, the Fifth Circuit held that a federal question was not necessarily raised where a state court was not obligated to interpret a federal statute because the claims at issue arose solely under state law. 694 F.3d at 543. In fact, the Fifth Circuit noted that this holding remained true despite the fact that federal standards could "be referenced by a state court in determining whether there [was] a state-law violation." *Id.*

Like the claims in *American Airlines*, the truthfulness issue arises here solely under state law. *See Dallas Morning News*, 554 S.W.3d at 640. A court is not obligated to interpret federal law to resolve the truthfulness of the statements at issue because a court could decide, as a matter of state law, how *Roe v. Wade* affects that claim. *See id.* And under *American Airlines*, the fact that *Roe v. Wade* may be referenced by a state court in determining whether a statement is truthful under state defamation law does not necessarily raise a federal question.

And even if a court analyzing the truthfulness claim at issue here would have to determine the legal effect of *Roe v. Wade*, no substantial federal issue would necessarily be raised. The fact that issues of a person's rights under federal law may arise does not alone convert a "simple defamation suit" into a "federal question" case. *Cox*, 672 F.2d at 423. *Grable* set the bar for federal courts to exercise jurisdiction over state-law claims very high, and this case falls well short.

In sum, given the defamation suit's allegations and the above authorities, the suit does not necessarily raise a federal question, let alone a substantial federal question. None of the elements of a state defamation claim require a court to resolve a question of federal law. Nor does the defendants' right to relief necessarily depend on a substantial question of federal law. Accordingly, *Franchise Tax Board*'s application of *Skelly Oil* precludes the existence of federal subject-matter jurisdiction here.

### B.     The plaintiffs' request for fees is denied.

The plaintiffs seek attorneys' fees and costs under 28 U.S.C. § 1447(c). Although the Court is sympathetic to the request given the precedent discussed above, the Court declines to award fees and costs.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." But "[t]here is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (holding that the "mere determination that removal was improper" does not require a district court to award attorney's fees). A court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010).

Whether the defendants here lacked an objectively reasonable basis for removal is a close question. On the one hand, the Supreme Court's decision in *Caterpillar Inc.* and Fifth Circuit cases interpreting it provide that a plaintiff may avoid federal subject-matter jurisdiction by pleading only a state-law cause of action. *Bernhard*, 523 F.3d at 551. Here, the plaintiffs' petition alleges no federal claims and does not even reference any federal law.

And as discussed above, the defendants' state-law claims do not necessarily turn on a construction of federal law.

Additionally, *Franchise Tax Board* operates to bar removal jurisdiction. The defendants, attempting to distinguish that case, argue that resolving a federal issue is necessary to resolution of the plaintiffs' state-law claims because "[t]he constitutional rights to privacy and abortion, and the related impact on state laws that purport to criminalize or regulate those rights, cannot be extricated from" the plaintiffs' claims. Dkt. No. 13 at 12–13. But the defendants' argument is incorrect. "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if . . . the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

On the other hand, the Court recognizes that the standard for federal-question jurisdiction has been described as "less than pellucid." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 & n.3 (5th Cir. 2008). Moreover, two district courts facing the same litigants and issues present here have declined to award fees and costs. *See* Order Remanding Case to State Court, *Enge v. The Lilith Fund for Reproductive Equity*, No. 6:20-CV-447 (E.D. Tex. Sept. 16, 2020) (Kernodle, J.); Order Remanding Case, *Zach & Ashley Maxwell v. Defendants for Reproductive Equity*, No. 4:20-CV-928 (N.D. Tex. Sept. 2, 2020) (O'Connor, J.). Given this precedent, the district court orders, and the defendants' briefing, the Court declines to award fees and costs.

4. **Conclusion**

Binding precedent dictates that there is no federal subject-matter jurisdiction in this case, so the Court grants the plaintiffs' motion and remands this case to the 286th Judicial

District Court of Hockley County, Texas. Because the Court lacks subject-matter jurisdiction it also denies the defendants' Motion to Dismiss. The Court denies, however, the plaintiffs' request for costs and attorneys' fees under 28 U.S.C. § 1447(c).

So ordered on October 29, 2020.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE